Both R. L. Crook and his wife, in their returns for 1919, returned the bonds at a valuation of 35 cents on the dollar and the stock at no value. The Commissioner increased the valuation to par, resulting in the deficiencies.

### OPINION.

TRAMMELL: The valuation of the stock and bonds is the only question involved in this appeal. That is purely a question of fact. The Commissioner determined that each was worth par at the time received in liquidation. The burden of proof is upon the taxpayers to show that they did not have that value. This the taxpayers have failed to do. R. L. Crook testified that he made inquiry as to the value of the stock and bonds and wrote to the investment bankers in Chicago who underwrote the securities for the International Oil & Gas Corporation when it was organized, and that they advised that they did not have any market for them. Crook sold some of the stock in 1920 at less than par. He did not sell any of the bonds, although he undertook to do so. The evidence, however, does not indicate what efforts were made about the time the stock and bonds were received from the Pine Island Refining Co. in 1919. The Commissioner concedes that the stock and bonds became worthless subsequent to the time they were received by the taxpayers, but there is not sufficient evidence in the record to overcome the presumption of the correctness of the determination of the Commissioner as to the values at the time received.

> *Judgment will be entered for the Commissioner.*

---

M. J. HELLMERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4680.   Decided October 27, 1926.

*M. J. Hellmers* pro se.
*Henry Ravenel, Esq.,* for the respondent.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1922 in the amount

of $41.49. The deficiency arises through the action of the Commissioner in disallowing as an expense or loss $1,037.15, the amount paid in excess of the contract price of building a home.

### FINDINGS OF FACT.

The taxpayer, during 1922, entered into a contract with a contractor to build a double house, one-half of which was for rental purposes. The contractor charged the taxpayer approximately $8,100 for the completed house. When completed the house was not worth in excess of $6,800.

The taxpayer took as a deduction in his income-tax return the difference between $6,800 and the cost which he was required to pay the contractor.

> *Judgment will be entered for the Commissioner.*